UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JEFF GRAY,     Plaintiff,

v.     Civil Action No. 3:13-cv-00905-DJH

EDWIN L. JAVIUS, and EDEQUITY INC.,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeff Gray seeks leave pursuant to Fed. R. Civ. P. 15(a) and 16(b) to amend his complaint to add additional facts and claims. Defendants Edwin L. Javius and EdEquity Inc. ("Defendants") oppose the proposed amended complaint because it was filed after the deadline set by the Court's Scheduling Order. (Docket No. 13). Because Gray has demonstrated good cause for his failure to meet the Court's deadline, and because Defendants will not be significantly prejudiced, Gray's motion to amend will be granted.

### I.     BACKGROUND

Gray claims that Defendants infringed the copyright he holds on the educational book *If She Only Knew Me*[1] by incorporating the book into Defendants' presentations given to schools and conferences throughout the United States. (D.N. 1; D.N. 24 PageID # 501) The Court's Scheduling Order required that amended pleadings be filed by June 15, 2014 and fact discovery to be complete by November 30, 2014. (D.N. 13) On October 20, 2014, Gray took the deposition of Defendant Javius. During Javius's deposition and through research conducted

---

[1] JEFF GRAY & HEATHER THOMAS, IF SHE ONLY KNEW ME (Rocket Publishing 2005).

1

during fact discovery, Gray discovered additional facts related to his copyright claims and alleged fraud in the presentations that he claims infringed on his copyright. (D.N. 24) Gray now seeks to amend his complaint to include additional facts related to willful copyright infringement and false association/designation of origin and to add a new claim for unfair competition/deceptive practices. (D.N. 24)

## II.     STANDARD

Leave to amend a complaint after a response is filed is governed by Fed. R. Civ. P. 15(a). However, if a motion to amend is filed after a deadline set by a scheduling order, then Fed. R. Civ. P. 16 must also be satisfied. The Sixth Circuit addressed the intersection between Fed. R. Civ. P. 15(a) and 16(b) in *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003). In *Leary*, the Sixth Circuit made it clear that "[o]nce the scheduling order's deadline passes, a [party] first must show good cause under Rule 16(b) for failure to earlier seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." 349 F.3d at 909. The Sixth Circuit also explained that a party seeking to file a motion to amend after the deadline must show that "despite their diligence they could not meet the original deadline." *Id.* at 907. *See also Korn v. Paul Revere Life Ins. Co.*, 382 Fed.App'x 443, 449 (6th Cir. 2010) (citing *Leary*, 349 F.3d at 905–09); *Shane v. Bunzl Distribution USA, Inc.*, 275 Fed.App'x 535, 536 (6th Cir. 2008) (citing *Leary*, 349 F.3d at 906–07).

"The thrust of rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of the pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The Court should "freely give

leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a).  Furthermore, delay that is not intended to harass or cause ascertainable prejudice should not, on its own, prevent amendment of a pleading.  *Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986) (citing *Buder v. Merrill Lynch, Pierce, Fenner & Smith,* 644 F.2d 690 (8th Cir.1981)).

### III.   ANALYSIS

The Defendants do not argue that they will suffer any significant prejudice from the proposed amendment, other than delay.[2]  Rather, Defendants contend that it is Gray's burden to demonstrate good cause because he seeks amendment after the deadline contained in the Court's Scheduling Order.  (D.N. 29)  However, good cause is shown if Gray demonstrates, despite his diligence, that he was unable to amend his complaint prior to the deadline.  It is undisputed that Gray did not depose Defendant until October, 20, 2014, months after the deadline to amend the pleadings.  (D.N. 24 PageID # 507)  It was during this deposition that Gray discovered new facts that, in part, give rise to the present motion.[3]  Other facts were discovered by Gray in November, 2014.  (D.N. 24 PageID #507)  While the Defendants argue that Gray was dilatory in his pursuit of these facts, they do not contend that Gray delayed Javius's deposition.  Additionally, all facts were discovered prior to the November 30, 2014 deadline for fact discovery.  (D.N. 13)  The discovery of these facts, after the deadline to amend the pleading and absent any bad faith or lack

---

[2] Defendants summarily assert a futility defense in opposition to the proposed amendment. (D.N. 29 PageID # 531–32)  Yet, Defendants do not provide the Court with any arguments regarding futility beyond the conclusory statement that Gray did not sufficiently plead his new allegations.  (*Id.*)  If the Defendants wish to assert such an argument, they are free to do so in subsequent motion practice.

[3] Defendants appear to concede that Gray gained knowledge of certain facts that give rise to the motion to amend at the Javius deposition.  (D.N. 29 PageID # 531)

of diligence by Gray, amounts to good cause for Gray's failure to amend his complaint prior to the deadline. *Invesco (N.A.), Inc., v. Stephen M. Johnson, et al.*, No. 307-cv-715, 2008 WL 4683020 at *1–2 (W.D. Ky. Oct. 22, 2008).

Further, the Court finds that the proposed amendments will not require significant additional discovery. Gray contends that no additional discovery is required. (D.N. 24 PageID # 508) Defendants have not presented the Court with any reason to believe that any additional discovery required by the proposed amendment will be substantial. As a result, any prejudice to the Defendants is minimal.

The Court finds that the proposed amendments will allow this matter to be decided on the merits rather than the technicalities of the pleadings. *Tefft*, 689 F.2d at 639. Moreover, the Court determines that good cause for Gray's failure to comply with the Scheduling Order (D.N. 13) has been shown. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motion to amend (D.N. 22, 24) is **GRANTED**. The Clerk of Court is **DIRECTED** to file Plaintiff's First Amended Complaint (D.N. 22-Exhibit G) in the record as of this date. Defendants are granted **thirty (30) days** from this date to answer or otherwise respond to Plaintiff's First Amended Complaint. Defendants' motions for judgment on the pleadings (D.N. 20, 31) and motion for summary judgment (D.N. 32) are **DENIED** as moot, without prejudice, with leave to refile.

August 24, 2015

                                                **David J. Hale, Judge**
                                                **United States District Court**